**Jason K. Singleton,** State Bar #166170
jason@singletonlawgroup.com
**SINGLETON LAW GROUP**
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
FAX  441-1533

Attorney for Defendants, ASIS Internet Services
and NELLA WHITE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC ADVERTISING dba AZOOGLEADS.COM, INC., a Delaware corporation,<br><br>    Plaintiff,<br>vs.<br><br>ASIS INTERNET SERVICES, a California corporation; and NELLA WHITE, an individual,<br><br>    Defendants. | Case No.  3:11-CV-01705 SC<br><br>NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF DIVERSITY JURISDICTION<br><br>DATE: September 23, 2011<br>TIME:   10:00 a.m<br>CTRM:  1 |

## NOTICE OF MOTION

TO:   Plaintiff EPIC ADVERTISING, dba AZOOGLEADS.COM, INC., and its attorneys of record:

Please take notice that on Friday, September 23, 2011, at 10:00 a.m., or as soon thereafter as counsel may be heard by the above entitled Court, located in Courtroom 1, 17th Floor, 450 Golden Gate Ave., San Francisco, California, Defendants **ASIS INTERNET SERVICES and NELLA WHITE** ("**ASIS**")  will and hereby does move the Court for an order dismissing its claims against all Defendants.

Said Motion is based on the following grounds:

1. There is a lack of true diversity between the parties.

This motion is based on this Notice of Motion and Motion and upon such other matters

1  as may be presented to the Court at the time of the hearing.

2                                    **SINGLETON LAW GROUP**

3

4  Dated:      July 12, 2011            /s/ Jason K. Singleton
                                        Jason K. Singleton, Attorney for Defendants,
5                                       **ASIS Internet Services and NELLA WHITE**

6                                    **STATEMENT OF FACTS**

7      Plaintiff Epic Advertising brings state law claims of fraudulent transfer and malicious

8  prosecution against Defendant Nella White and ASIS Internet in federal court claiming diversity

9  jurisdiction. (Plaintiff's Complaint, P4 Line 13). Specifically Defendant Epic Advertising claims

10 it is a resident of New York state. This is incorrect. Epic Advertising merged with Connexus,

11 (a California based corporation) and the new entity is jointly headquartered in California and

12 New York City:

13    "Epic Advertising and Connexus Corporation merge to form Epic Media Group.
      The Company sets up two headquarters in New York City and Los Angeles.."
14    http://www.theepicmediagroup.com/about/history.php

15

16     To the same effect, see http://icannwiki.com/index.php/Epic_Media_Group. On this

17 same web page, Art Shaw is listed as the Chief Executive Officer of Epic Media. Mr. Shaw is

18 based in El Segundo, California.

19    (http://investing.businessweek.com/research/stocks/private/person.asp?personId=24438107&priv

20    capId=140705&previousCapId=9682841&previousTitle=Always%20On%20Wireless,%20Inc.).

21     It also appears that Epic Advertising formed a California Corporation. (Exhibit "A" to the

22 Singleton Declaration). It is unclear whether this is a subsidiary of Epic Media Group.

23                                      **DISCUSSION**

24     The citizenship of the parties is a jurisdictional fact in diversity actions. The burden is on

25 the plaintiff—the party invoking federal jurisdiction—to plead and prove such facts. ***McNutt v.***

26 ***General Motors Acceptance Corp***. (1936) 298 US 178, 186, 56 S.Ct. 780, 784; ***Bautista v.***

27 ***Pan American World Airlines, Inc***. (9th Cir. 1987) 828 F2d 546, 552. The courts have further

28 limited diversity jurisdiction by construing the diversity statutes strictly. Any doubt as to

whether jurisdiction exists is normally resolved against a finding of such jurisdiction. See ***Kantor v. Wellesley Galleries, Ltd***. (9th Cir. 1983) 704 F2d 1088, 1092; ***Sheehan v. Gustafson*** (8th Cir. 1992) 967 F2d 1214, 1215.

Federal diversity jurisdiction requires that all parties to the action be "citizens of different states" or "citizens or subjects of a foreign state" (i.e., aliens) 28 **USC** §1332(a).  For diversity purposes, a corporation may have dual citizenship: "(A) corporation shall be deemed a citizen of any State by which it has been incorporated AND of the State where it has its principal place of business." 28 **USC** §1332(c)(1)  The phrase "principal place of business" means the place where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis.  This is often referred as the corporation's "nerve center." ***Hertz Corp. v. Friend*** (2010) US , , 130 S.Ct. 1181, 1186.  As noted in the above Statement of Facts, Plaintiff Epic's Chief Executive Officer, Art Shaw, is based in El Segundo, California.

Corporations which have freely and voluntarily applied for and received charters from several states are deemed citizens of each of said states (and any other state in which their principal place of business is located). See ***Yancoskie v. Delaware River Port Authority*** (3rd Cir. 1975) 528 F2d 722, 727.  It appears that Epic Advertising also incorporated in California. See Exhibit "A" to Singleton Declaration.

Since Epic Advertising Inc., has corporate headquarters and its CEO in California, and has applied for and received a Corporate charter in California, there is in fact no diversity jurisdiction.  Defendants respectfully request the matter be dismissed.

**SINGLETON LAW GROUP**

Dated:        July 12, 2011         /s/ Jason K. Singleton
Jason K. Singleton, Attorney for Defendants,
**ASIS Internet Services and NELLA WHITE**