**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:   (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Plaintiff
Epic Advertising d/b/a AzoogleAds.com, Inc.

**SINGLETON LAW GROUP**
Jason K. Singleton (Bar No. 166170)
611 "L" Street, Suite A
Eureka, CA 95501
Telephone:   (707) 441-1177
Facsimile:   (707) 441-1533
jason@singletonlawgroup.com

Attorney for Defendants, ASIS Internet Services
and Nella White

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EPIC ADVERTISING** *dba* **AZOOGLEADS.COM, INC.,** a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**ASIS INTERNET SERVICES,** a California corporation; and **NELLA WHITE**, an individual,<br><br>　　　　Defendants. | Case No. C-11-1705 SC<br><br>**RULE 26(f) REPORT AND JOINT CASE MANAGEMENT STATEMENT**<br><br>**[PURSUANT TO FED. R. CIV. P. 26(f) AND CIVIL LOCAL RULE 16-9]** |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Northern District of California Standing Order, Plaintiff Epic Advertising d/b/a AzoogleAds.com, Inc. ("Plaintiff") and Defendants ASIS Internet Services and Nella White (collectively, "Defendants"), respectfully submit the following Rule 26(f) Report and Joint Case Management Statement (the "Statement").

**1. JURISDICTION AND SERVICE:**

**Jurisdiction**: Defendants have filed a motion to dismiss for lack of subject matter jurisdiction. The motion is pending before the Court.

Defendants do not argue that this Court lacks personal jurisdiction over them.

**Service**: Defendants do not argue that service of process on them has not been completed or was deficient.

**2. FACTS:**

**Plaintiff's Statement:**

Plaintiff is an Internet marketing company that, among other marketing activities, has contracted with third parties to generate consumer leads by various means, including through lawful commercial emails. Typically, after Plaintiff obtains a consumer lead from a third party lead vendor, Plaintiff sells that lead to one or more of its clients pursuant to a separate contract.

During the last six years, California citizens ASIS Internet Services and Nella White have filed at least 17 lawsuits against more than 55 defendants alleging violations of federal and state laws regulating unsolicited commercial email ("UCE"). Plaintiff was named as one of 21 defendants in one of ASIS's UCE lawsuits, *ASIS Internet Services v. Optin Global*, *Inc., et al.*, No. 05-5124 (N.D. Cal.) (the "Prior Action"). Early in the litigation, Plaintiff demonstrated that Plaintiff had not known about, let alone sent or procured, the thousands of emails at issue in the Prior Action. ASIS was unable to produce any evidence to the contrary. Nevertheless, and despite its lack of evidence, ASIS continued to prosecute the Prior Action for another 15 months.

Ultimately, the district court granted summary judgment to Plaintiff and against

1  ASIS, finding that "[t]he evidence cited by ASIS to establish knowledge on Azoogle's
2  party is entirely speculative" and that there was "no evidence in the record that would put
3  Azoogle on notice that [it had] obtained leads from spammers."  The district court also
4  found "that no reasonable jury could find, based on the undisputed evidence, that the
5  Emails that are the subject of this action caused any significant adverse effect to ASIS."
6  Ultimately, the district court awarded Plaintiff $806,978.84 against ASIS in attorneys' fees
7  based on ASIS's unreasonable litigation of the Prior Action (the "Judgment").

8   Additionally, both just before and just after the Judgment was entered, ASIS's sole
9  principal, Nella White, fraudulently transferred ASIS's assets and money.  Specifically,
10 White sold all of ASIS's assets to a former ASIS employee for below market value, and
11 White distributed all of ASIS's remaining money to herself, including a large sum that was
12 transferred to ASIS by its attorney the day of the Judgment.  Based on these facts,
13 Plaintiff filed this action for malicious prosecution, tort of another, and fraudulent transfer.

14 **Defendants' Statement:**

15 Plaintiff's claims under California ***Civil Code*** §3439.04 are with without merit.
16 Defendant did not in fact have any actual intent to hinder, delay, or defraud any creditor
17 or the debtor.  In fact, Defendant was unaware that the adverse attorney fee judgment
18 had been handed down at the time the transfers were made.  Indeed, a review of
19 Defendants' opposition to the fee petition in the underlying litigation leads one to believe
20 that Defendants herein had every reason to believe that no fee award would occur.

21 Indeed, Plaintiff must prove that Defendants were engaged or about to engage in
22 a business or transaction for which the remaining assets of the debtor were
23 unreasonably small in relation to the business or transaction, or that Defendant herein
24 believed that she would not be able to pay their debts as they became due.  This is true
25 as  ASIS Internet Services owned judgments in excess of three million dollars against
26 various spamming Defendants.  In fact, ASIS was in the process of attempting to collect
27 on those debts when Plaintiff herein demanded and received assignment of those
28 judgments, thereby precluding ASIS from collecting on those judgments and paying the

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

outstanding attorney fee claim of Plaintiff.

The second transfer complained of herein, the sale of ASIS Internet assets for $25,000 was in fact for reasonably equivalent value. Defendant has no colorable argument otherwise.

Since Plaintiff's claim was filed in the wrong venue, as it should have been filed as an arbitration before the American Arbitration Association, Defendants will be seeking leave to file a fee petition to recover Defendants attorney's fees and costs if, and when, this matter is dismissed for lack of diversity jurisdiction.

As to Plaintiff's claim of malicious prosecution, it is likewise utterly without merit. This Court only need review ASIS Internet Services' opening appellate brief before the Ninth Circuit Court of Appeal and Judge Thelton E. Henderson's Opinion in **Asis Internet Services vs. Active Response Group**, C-07-6211 TEH, Doc. 48, Order Denying Motion to Dismiss, to see that ASIS Internet's claims cannot remotely be seen as malicious prosecution.

Defendants intend to file an Answer should one become necessary.

### 3. LEGAL ISSUES:

**Plaintiff's Statement:**

Plaintiff believes that this action raises the following legal issues:

a. Whether Defendants engaged in malicious prosecution in violation of California common law, in initiating and continuing to prosecute the Prior Action.

b. Whether Defendant white committed tort of another in violation of California common law in initiating and continuing to prosecute the Prior Action.

c. Whether Defendants engaged in fraudulent transfers in violation of Civil Code section 3439 when White sold all of the assets of ASIS to a former employee for $25,000 and when White caused ASIS to transfer $40,000 on May 19, 2010.

//

1 **4. <u>MOTIONS</u>**:

2    **Pending Motions:**

3    Defendants have filed a motion to dismiss for lack of subject matter jurisdiction.
4 The motion is pending before the Court.

5    **Plaintiff's Anticipated Motions:**

6    Plaintiff may file a motion for summary judgment or summary adjudication if
7 evidence produced during discovery supports such a motion.

8 **5. <u>AMENDMENT OF PLEADINGS</u>**:

9    **Plaintiff's Statement:**

10    As of the filing of this proposed order, Plaintiff does not anticipate amending its
11 complaint.  However, Plaintiff has not undertaken discovery at this time, and thus
12 reserves the right to amend its complaint if discovery reveals additional misconduct by
13 Defendants or additional persons who were involved in Defendants' misconduct.

14 **6. <u>EVIDENCE PRESERVATION:</u>**

15    Counsel for Plaintiff and Defendants have discussed the need to preserve all
16 potentially relevant evidence with their clients.  The parties agree to preserve any and all
17 evidence that could reasonably be relevant to this action.

18 **7. <u>DISCLOSURES:</u>**

19    The parties agree that initial disclosures shall be served no later than September
20 9, 2011.

21 **8. <u>DISCOVERY:</u>**

22     **a. <u>Discovery Taken to Date</u>**

23    None.

24     **b. <u>Scope of Anticipated Discovery</u>**

25    **Plaintiff's Statement:**

26    Plaintiff anticipates taking discovery on the following topics:

27    • Defendants' knowledge and motivations in filing the Prior Action.

28

- Defendants' knowledge and motivations in continuing to litigate the Prior Action.
- Defendants' transfer of assets and money since the entry of summary judgment in the Prior Action.
- Facts supporting any defense asserted by Defendants to the claims in the complaint.

**Defendants' Statement:**

Defendants intend to conduct discovery primarily into the question of whether there exists actual and complete diversity, specifically, the merger of Azoogle.com, Inc., and Connexus and where in fact the operations center for the merged entity is located.

Defendants also intend to conduct discovery into Plaintiff's efforts to collect on the judgments assigned to it by Defendants.

### c. Electronically Stored Information

The parties agree that the parties shall produce electronically stored information ("ESI") in formats reasonably useable to the receiving party, without the need to create databases and data fields that do not already exist. Where reasonably useable, the parties shall produce ESI as **either**:

- single page TIFF images with associated information, including metadata as described below, in Summation/Concordance load files that shall include: (1) Begin Bates; (2) End Bates; (3) Begin Attachment; (4) End Attachment; (5) Custodian; and (6) level of confidentiality if any (e.g., "Attorneys' Eyes Only"). With respect to emails, the parties will also produce at least the following metadata: (1) Date Sent; (2) To; (3) From; (4) CC; (5) BCC; (6) Subject; and (7) Full Text. For all other ESI, the parties will also produce at least the following metadata: (1) File Name; (2) Date Last Modified; and (3) Full Text; **or**
- Text searchable PDF files containing all of the pages in each record, with any attached records sequentially Bates-numbered.

ESI not reasonably useable in the above-referenced formats, such as audiovisual data, large spreadsheets, or database information, shall be produced in native format. Upon reasonable request in writing, the parties will produce in native format ESI previously produced as single-page TIFF images or PDF files, if such data are not reasonably useable. The party receiving a request to produce ESI in native format shall have seven (7) Court days from such request to object to production in native format. If an objection is asserted, the party requesting the production in native format must apply for relief to the Court. The requesting party's obligation to move for a Court order does not affect any burden of the party receiving the request to show good cause to resist discovery of ESI. A party that has produced, prior to the applicable discovery cutoff date, ESI as black-and-white single-page TIFF images or PDF files may produce such ESI as color single-page TIFF images or PDF files, at any time prior to the date the parties submit their joint exhibit list to the Court in this action in accordance with the applicable rules and Court order(s), as reasonably necessary for trial or motion practice.

**9. CLASS ACTIONS:**

Not applicable.

**10. RELATED CASES:**

*ASIS Internet Services v. Optin Global*, *Inc., et al.*, No. 05-5124 (N.D. Cal.)

**11. RELIEF:**

**Plaintiff's Statement:**

Plaintiff seeks the following relief:

- An injunction against Defendant White attaching the $25,000 received by White—from ASIS—as a result of the fraudulent transfer of ASIS's assets and customer accounts on January 27, 2010.
- An injunction against Defendant White avoiding the $40,000 fraudulent transfer made to White on or about May 19, 2010.
- Compensatory damages in an amount according to proof.

- Punitive damages in an amount sufficient to make an example of Defendants and to deter others from similar conduct by way of example.

## 12. SETTLEMENT AND ADR:

The parties are amenable to mediation.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:

The parties have not consented to a magistrate judge for all purposes.

## 14. OTHER REFERENCES:

Plaintiff does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. NARROWING OF ISSUES:

The parties do not believe that this case presents an opportunity to: (a) narrow the issues in the case by agreement or motion, (b) bifurcate the issues, claims or defenses at trial, or (c) reduce the length of trial by stipulation, use of summaries, or other expedited means of presenting issues.

## 16. EXPEDITED SCHEDULE:

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

## 17. SCHEDULING:

The parties propose the following schedule:

| | |
|---|---|
| Non-Expert Discovery Cutoff | 03/30/2012 |
| Designation of Experts | 04/20/2012 |
| Designation of Rebuttal Experts | 05/11/2012 |
| Expert Discovery Cutoff | 06/01/2012 |
| Last Day to Hear Dispositive Motions | 07/07/2012 |
| Pretrial Conference | 08/15/2012 |
| Trial | 08/27/2012 |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**18. TRIAL:**

Plaintiff has requested a jury trial in this action. The parties estimate that the trial will require approximately three to four days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

**Plaintiff's Statement:**

Plaintiff filed a Certification of Interested Entities or Persons on April 8, 2011, stating that, other than the named parties, there is no such interest to report.

**20. OTHER MATTERS :**

The parties are not aware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: August 19, 2011         **KRONENBERGER BURGOYNE, LLP**


By:   /s/Henry M. Burgoyne, III
      Henry M. Burgoyne, III

Attorneys for Plaintiff
Epic Advertising d/b/a AzoogleAds.com, Inc.

Dated: August 19, 2011         **SINGLETON LAW GROUP**


By:   /s/Jason K. Singleton
      Jason K. Singleton

Attorney for Defendants
ASIS Internet Services and Nella White


**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the General Order No. 45, section X(B), for The United States District Court for the Northern District of California, I, Henry M,. Burgoyne, III, hereby attest that the concurrence to the filing of this Joint Rule 26(f) Report and Case Management Statement has been obtained from Jason K. Singleton, counsel for Defendants, who has provided the conformed signature above.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com