**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC ADVERTISING d/b/a<br>AZOOGLEADS.COM, INC., a Delaware<br>corporation,<br><br>             Plaintiffs,<br><br>      v.<br><br>ASIS INTERNET SERVICES, a<br>California corporation; and NELLA<br>WHITE, an individual.<br><br>             Defendants. | Case No. 11-1705 SC<br><br>ORDER DENYING DEFENDANTS'<br><u>MOTION TO DISMISS</u> |

**I.    <u>INTRODUCTION</u>**

     Before the Court is a Motion to Dismiss for Lack of Diversity Jurisdiction filed by Defendants Asis Internet Services ("Asis") and Nella White ("White") (collectively, "Defendants").  ECF No. 16 ("Mot.").  Plaintiff Epic Advertising ("Plaintiff") filed an Opposition, and Defendants filed a Reply.[1]  ECF No. 17 ("Opp'n"). For the following reasons, the Court DENIES Defendants' Motion.

///

---

[1] Defendants filed an administrative motion requesting leave to file their Reply under seal.  ECF No. 19.  They argue that filing the Reply under seal is necessary because it discusses a settlement agreement containing strict confidentiality provisions, and because a copy of the settlement agreement is attached to the Reply as an exhibit.  <u>Id.</u>  The Court GRANTS Defendants' motion to file the Reply under seal pursuant to Civil Local Rule 79-5.

United States District Court
For the Northern District of California

## II. __BACKGROUND__

Plaintiff is an Internet marketing company that purchases "consumer leads" from third party vendors and sells those leads to its clients. Graff Decl. ¶¶ 2, 3.[2] This action involves Plaintiff's attempt to collect on a judgment for monetary sanctions against Defendants from a prior lawsuit, ASIS Internet Services v. Optin Global, Inc., No. 05-5124 (N.D. Cal.) (hereinafter, "the 2005 action"). In the 2005 action, Defendants sued Plaintiff and twenty other parties for allegedly sending over 10,000 deceptive and unsolicited emails to ASIS's server. ASIS Internet Services v. Optin Global, Inc., No. 05-5124, 2010 U.S. Dist. LEXIS 57825, at *3-6 (N.D. Cal. May 19, 2010). The court granted summary judgment in favor of Plaintiff and granted Plaintiff's motion for sanctions, awarding it $806,978.84 in fees. Id.

Plaintiff filed this action on April 7, 2011, alleging that Defendants have not paid Plaintiff the money owed under the sanctions award from the 2005 action. Compl. ¶ 12. Plaintiff alleges that Asis is "a defunct internet service provider" whose sole officer and director is White. Id. ¶¶ 24, 26. Plaintiff alleges that Asis sold all of its assets and accounts to employees well below market value, and White transferred all of Asis's remaining funds to herself in an effort to avoid the sanctions judgment. Id. ¶¶ 13, 14. Plaintiff asserts state law claims for malicious prosecution, tort of another, and fraudulent transfer. Id. ¶¶ 103-133. Plaintiff alleges federal jurisdiction on the basis of diversity, claiming that it is a citizen of New York and

---

[2] David Graff ("Graff"), general counsel for Plaintiff, filed a declaration in support of the Opposition. ECF No. 18.

1    Delaware and that Defendants are citizens of California.   Id. ¶ 20.

2        In the instant Motion, Defendants argue that Plaintiff is a

3    citizen of California and, therefore, that this Court lacks subject

4    matter jurisdiction.

5

6    **III. <u>LEGAL STANDARD</u>**

7        "Federal courts are courts of limited jurisdiction.   They

8    possess only that power authorized by Constitution and statute . .

9    . ."  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377

10   (1994) (citations omitted).   Federal Rule of Civil Procedure

11   12(b)(1) allows a party to seek dismissal of an action where

12   federal subject matter jurisdiction is lacking.   <u>Id.</u>   The plaintiff

13   has the burden of proving jurisdiction in order to survive a Rule

14   12(b)(1) motion.   <u>Id.</u>  As a court of limited jurisdiction, "[a]

15   federal court is presumed to lack jurisdiction in a particular case

16   unless the contrary affirmatively appears."  <u>Stock West, Inc. v.</u>

17   <u>Confederated Tribes</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).

18       A party may seek dismissal for lack of jurisdiction "either on

19   the face of the pleadings or by presenting extrinsic evidence."

20   <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir.

21   2003).   In a factual challenge, the court may consider evidence

22   demonstrating or refuting the existence of jurisdiction.   <u>Kingman</u>

23   <u>Reef Atoll Invs., LLC v. United States</u>, 541 F.3d 1189, 1195 (9th

24   Cir. 2008).   "In such circumstances, no presumptive truthfulness

25   attaches to plaintiff's allegations, and the existence of disputed

26   material facts will not preclude the trial court from evaluating

27   for itself the merits of jurisdictional claims."   <u>Id.</u>

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**IV.   DISCUSSION**

Plaintiff filed this action in federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between -- (1) citizens of different States[.]"

For the purposes of diversity jurisdiction, a natural person is deemed a "citizen" of the state in which he or she is domiciled. Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986).  A corporation, however, is deemed a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Thus, "a corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business."  Breitman v. May Co. California, 37 F.3d 562, 564 (9th Cir. 1994).  A corporation's principal place of business is its "nerve center" --  the location where "a corporation's officers direct, control, and coordinate the corporation's activities."  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192, (2010).  Typically, this is the location of a corporation's headquarters.  Id.

Defendants argue that Plaintiff is a citizen of California for two reasons.  First, they argue that Plaintiff recently filed articles of incorporation in California.  Mot. at 2.  Defendants attach to their Motion a copy of articles of incorporation filed with the California Secretary of State on January 18, 2011, for a

**United States District Court**
For the Northern District of California

corporation named "Epic Advertising, Inc." Singleton Decl. Ex. A.[3] Defendants offer this document as proof that Plaintiff is now a California corporation. However, Plaintiff provides a sworn declaration from its general counsel attesting that the articles of incorporation proffered by Defendants do not pertain to Plaintiff or any of its subsidiaries. Graff Decl. ¶ 11. Graff declares that Plaintiff is a Delaware corporation and attaches proof of Plaintiff's corporate registration with the Delaware Department of State. Id. Ex. A. Defendants do not address the matter further in their Reply.

Second, Defendants argue that Plaintiff recently merged with Connexus Corporation ("Connexus"), a California corporation. Thus, they argue, Plaintiff is now incorporated in both California and Delaware and jointly headquartered in California and New York. Mot. at 2. Defendants contend that a section of Plaintiff's website states: "Epic Advertising and Connexus Corporation merge to form Epic Media Group. The Company sets up two headquarters in New York City and Los Angeles." Id. Defendants also contend that Plaintiff's website lists Art Shaw ("Shaw") as the Chief Executive Officer of Epic Media Group. Id. They then provide a web address that they claim shows that Shaw "is based" in California. Id.

In response, Plaintiff argues that its principal place of business is in New York. Graff attests that Plaintiff's headquarters are located in New York City; its officers and directors work out of its New York headquarters; its executive and administrative functions are performed in New York; and the

---

[3] Jason K. Singleton ("Singleton"), attorney for Defendants, filed a declaration in support of the Motion.

United States District Court
For the Northern District of California

1  majority of its computers, office equipment, and other assets are

2  located in New York.  Graff Decl. ¶¶ 5-9.  Graff declares that

3  Plaintiff's Chief Executive Officer is not Shaw, but Don Mathis,

4  who works out of the company's New York headquarters.  Id. ¶ 6.

5      Regarding the Connexus acquisition, Graff declares that

6  Connexus is now a wholly owned subsidiary of Plaintiff.  Id. ¶¶ 12-

7  13.  He avers that Plaintiff continues to maintain its headquarters

8  in New York, while Connexus maintains a separate headquarters in

9  Los Angeles.  Id. ¶ 14.  Plaintiff notes that, under Danjaq, S.A.

10  v. Pathe Communications Corp., Inc., 979 F.2d 772, 775 (9th Cir.

11  1992), "the citizenship of a parent [corporation] is distinct from

12  its subsidiary where . . . there is no evidence of an alter ego

13  relationship."

14      Defendants argue in reply that Connexus is not a subsidiary of

15  Plaintiff.  They contend that Plaintiff and Connexus merged by way

16  of a stock-for-stock merger and, therefore, that Plaintiff and

17  Connexus are effectively a single parent entity incorporated in

18  both California and Delaware and maintaining "joint headquarters"

19  in California and New York.  Reply at 1-2.  In support of this

20  argument, Defendants submit what they contend is a document that

21  Plaintiff filed with the Securities and Exchange Commission

22  ("SEC").  The document states: "[p]ursuant to a merger agreement,

23  Azoogle.com, Inc. acquired Connexus Corporation in a stock-for-

24  stock merger, with cash paid in lieu of fractional shares."  Reply

25  Ex. A.  Defendants have not filed a declaration authenticating the

26  document, nor have they asked the Court to take judicial notice of

27  the document.  Furthermore, whether the method by which Plaintiff

28  acquired Connexus was a stock-for-stock merger has no bearing on

United States District Court
For the Northern District of California

whether the acquisition resulted in Connexus becoming subsidiary of Plaintiff.  See Ass'n of Communs. Enters. v. FCC, 235 F.3d 662, 664 (D.C. Cir. 2001); Wright v. Or. Metallurgical Corp., 222 F. Supp. 2d 1224, 1227-1228 (D. Or. 2002).  The purported SEC filing does not refute Graff's sworn statement that Connexus is Plaintiff's wholly owned subsidiary.

Plaintiff has established to the Court's satisfaction that Connexus is its subsidiary.  Thus, under Danjaq, the citizenship of Connexus is irrelevant to whether Plaintiff is a California citizen for the purposes of determining diversity jurisdiction.  The Court finds, based on Graff's declaration, that Plaintiff's "nerve center" lies in New York, not in California, and that Plaintiff is not incorporated in California.  Accordingly, Plaintiff is not a California citizen, and this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Defendants' Motion is DENIED.[4]

**V.   CONCLUSION**

For the foregoing reasons, the Court DENIES the Motion to Dismiss filed by Defendants Asis Internet Services and Nella White.


IT IS SO ORDERED.


Dated: September 29, 2011

UNITED STATES DISTRICT JUDGE

---

[4] Defendants also argue in their Reply that this matter should be sent to arbitration pursuant to a 2007 settlement agreement between Connexus and Defendants.  Reply at 2-3.  Because this argument is raised for the first time in Defendants' Reply, the Court does not address it here.  If Defendants wish to file a proper motion on the matter, they may do so.