**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC ADVERTISING d/b/a AZOOGLEADS.COM, INC., a Delaware corporation, | ) Case No. 11-1705 SC<br>)<br>) ORDER DENYING DEFENDANTS'<br>) <u>MOTION TO DISMISS</u> |
| Plaintiff, | ) |
| v. | )<br>) |
| ASIS INTERNET SERVICES, a California corporation; and NELLA WHITE, an individual. | )<br>)<br>) |
| Defendants. | )<br>) |
| | ) |

## I.   **INTRODUCTION**

Before the Court is a Motion to Dismiss filed by Defendants Asis Internet Services ("Asis") and Nella White ("White") (collectively, "Defendants").  ECF No. 30 ("Mot.").  Plaintiff Epic Advertising ("Plaintiff") filed an Opposition.  ECF No. 32 ("Opp'n").  Defendants did not file a Reply.  For the following reasons, the Court DENIES Defendants' Motion.

## II.  **BACKGROUND**

The Court detailed the background of this dispute in its prior order denying Defendants' first motion to dismiss and does not repeat that background here.  ECF No. 28 ("Sep. 29, 2011 Order").

United States District Court
For the Northern District of California

1    In short, this action involves Plaintiff's attempt to collect on a

2    judgment against Defendants from a prior lawsuit, <u>ASIS Internet</u>

3    <u>Services v. Optin Global, Inc.</u>, No. 05-5124 (N.D. Cal.).

4         Plaintiff filed this action on April 7, 2011, asserting state

5    law claims for malicious prosecution, tort of another, and

6    fraudulent transfer.  ECF No. 1 ("Compl.") ¶¶ 103-133.  On July 14,

7    2011, Defendants filed their first motion to dismiss, claiming that

8    Plaintiff's 2010 acquisition of non-party Connexus Corporation

9    ("Connexus"), a California corporation, divested the Court of

10   diversity jurisdiction.  <u>See</u> ECF No. 16 ("Defs.' First MTD").  The

11   Court denied Defendants' motion, finding that Plaintiff had

12   established that Connexus was its subsidiary.  Sep. 29, 2011 Order

13   at 7.

14        On October 18, 2011, Defendants filed the instant Motion,

15   arguing that the Court lacks jurisdiction because of an arbitration

16   clause contained in a 2007 settlement agreement between Asis and

17   Connexus (the "Settlement Agreement").  Mot. at 2-3.  Plaintiff

18   filed an Opposition arguing that the Motion fails for numerous

19   reasons and that the Court should impose sanctions upon Defendants

20   for unreasonably and vexatiously multiplying the proceedings.  For

21   the following reasons, the Court DENIES Defendants' Motion and

22   DENIES Plaintiff's request for sanctions.

23

24   **III.  DISCUSSION**

25        **A.   <u>Defendants' Motion</u>**

26        Defendants move to dismiss the instant action for lack of

27   subject matter jurisdiction on the ground that the parties

28   contracted to resolve their disputes exclusively through

**United States District Court**
For the Northern District of California

arbitration.  When an action involves an issue properly governed by an arbitration clause, however, the district court "is not deprived of jurisdiction altogether."  See <u>Nicholson v. Labor Ready, Inc.</u>, No. C 97-0518 FMS, 1997 U.S. Dist. LEXIS 23494, at *5 (N.D. Cal. May 23, 1997).  Rather, pursuant to Section 4 of the Federal Arbitration Act ("FAA"), "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  <u>See</u> 9 U.S.C. § 4.  Additionally, pursuant to Section 3 of the FAA, the court is required to stay, not dismiss, the action pending arbitration.  <u>See</u> <u>id.</u> § 3.  Consequently, Defendants are not entitled to dismissal of the instant action.

Although Defendants do not expressly move to compel arbitration, the gravamen of their Motion is that this dispute is subject to mandatory arbitration under the Settlement Agreement between Asis and Connexus.  Because Plaintiff has addressed the merits of Defendants' arguments in support of arbitration, the Court will construe the instant Motion as a motion to compel arbitration.  <u>See</u>, <u>e.g.</u>, <u>Filimex, L.L.C. v. Novoa Invs., L.L.C.</u>, No. CV 05-3792-PHX-SMM, 2006 U.S. Dist. LEXIS 56039, at *5-8 (D. Ariz. July 17, 2006) (construing motion to dismiss for lack of subject matter jurisdiction as motion to compel arbitration).  When ruling on a motion to compel arbitration, the district court's "role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue."  <u>Chiron Corp. v. Ortho Diagnostic Sys., Inc.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000).

Here, Defendants wasted little time preparing their three-page motion with citation to but a single statute, no cases, and barely

1    any argument at all.  They simply proclaim that Asis was engaged in

2    litigation with Connexus that resulted in the Settlement Agreement

3    prior to the events at issue in the present litigation; that

4    Plaintiff and Connexus merged; and that therefore Plaintiff is

5    bound by an arbitration clause contained in the Settlement

6    Agreement between Asis and Connexus.  Mot. at 2 (citing Cal. Corp.

7    Code § 1107).  Plaintiff argues, and the Court agrees, that

8    Defendants' Motion fails for numerous reasons.

9        First, the Court found in its September 29, 2011 Order that

10   Connexus is Plaintiff's subsidiary.  Sep. 29, 2011 Order at 7.

11   Plaintiff is not a party to the Settlement Agreement, which was

12   executed in 2007, well before Plaintiff acquired Connexus in 2010.

13   See ECF No. 29 Ex. B ("Settlement Agreement"); Graff Decl. ¶ 12.[1]

14   Ordinary contract and agency principles govern whether a non-

15   signatory to an arbitration agreement is bound by the agreement.

16   Delmore v. Ricoh Americas Corp., 667 F. Supp. 2d 1129, 1135 (N.D.

17   Cal. 2009).  Under California contract law, "a parent corporation

18   and its subsidiary are legally distinct entities, and a contract

19   under the corporate name of one is not treated as that of both"

20   unless the subsidiary operates as the alter ego of the parent.

21   Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d

22   1040, 1057 (C.D. Cal. 2003).  Defendants have presented no evidence

23   that Connexus is the alter ego of Plaintiff and have therefore

24   failed to show that Plaintiff is bound by the arbitration

25   agreement.

26

27   [1] David Graff ("Graff"), General Counsel for Plaintiff, filed a
     declaration in support of Plaintiff's opposition to Defendants'
28   first motion to dismiss.  ECF No. 18.  Graff declares that
     Plaintiff acquired Connexus in 2010.

United States District Court
For the Northern District of California

Second, Defendants have presented no argument as to why the instant dispute falls within the scope of the arbitration agreement between Asis and Connexus. The arbitration agreement provides that all disputes "arising out of, or relating to" the settlement agreement must be resolved by binding arbitration. Settlement Agreement ¶ 19. The instant dispute concerns Defendants' alleged malicious prosecution of a 2005 action against Plaintiff and their alleged efforts to avoid paying the judgment awarded to Plaintiff in that action. See Compl. Asis's Settlement Agreement with Connexus was executed in 2007, well before Plaintiff acquired Connexus in 2010. Defendants offer no explanation of how the instant action is related to, or arises out of, a settlement agreement to which Plaintiff was not a party.

Third, this Motion is procedurally improper because it was filed five days after Defendants were required to file a responsive pleading to the Complaint under Federal Rule of Civil Procedure 12(a)(4)(A).

For the foregoing reasons, Defendants' Motion is DENIED.

**B.   Plaintiff's Request for Sanctions**

In its Opposition, Plaintiff asks the Court to impose sanctions pursuant to its inherent power or 28 U.S.C. § 1927, which provides that any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The imposition of sanctions under Section 1927 or the Court's inherent power requires a finding of bad faith. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975).

While the Court agrees with Plaintiff that Defendants have made very little effort to establish the merits of their Motion and have come perilously close to submitting a frivolous filing that wastes both Plaintiff's and the Court's time, the Court finds that sanctions are not warranted at this time.  However, the Court reminds Defendants of their obligations under Federal Rule of Civil Procedure 11(b) and cautions Defendants that such barely substantiated filings may be grounds for sanctions in the future.

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES the Motion to Dismiss filed by Defendants Asis Internet Services and Nella White.

IT IS SO ORDERED.

Dated: December 13, 2011

UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

6